UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| T.L. DALLAS (SPECIAL RISKS), LTD., and GREAT LAKES REINSURANCE (UK) PLC INDIVIDUALLLY AND AS ASSIGNEES OF PAUL AND JANET SPIELVOGEL<br><br>Plaintiffs,<br><br>v.<br><br>ELTON PORTER MARINE INSURANCE AGENCY, INC. and AMERICAN MARINE INSURANCE SERVICES,<br><br>Defendants. | § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:07-cv-0419 |

## MEMORANDUM AND ORDER

Pending before the Court is Defendant Elton Porter Marine Insurance Agency's and Defendant American Marine Insurance Services' Motion to Dismiss for Failure to State a Claim. After considering the parties' arguments and the relevant law, the Court finds that both motions, Doc. No. 7 and Doc. No. 10, should be **GRANTED**. Plaintiffs' claims against Defendants Elton Porter and American Marine are **DISMISSED**. Plaintiffs' Motion to Amend to add new parties is **GRANTED**.

I. BACKGROUND

In October 2005, the vessel M/V Nauti Girl, docked in Cozumel, Mexico, was severely damaged and sank due to the effects of Hurricane Wilma. The owners of the ship, Paul and Janet Spielvogel, both residents of Texas, filed a claim for their loss. Their claim was denied and their insurance coverage was cancelled. On January 20, 2006, the Spielvogels filed suit in the 127th District Court of Harris County against T.L. Dallas (Special Risks) Ltd ("TL Dallas"), an

1

underwriter, Elton Porter Marine Insurance Agency, Inc. ("Elton Porter"), the Spielvogels' insurance agent, and American Marine Insurance Services ("American Marine"), the broker that acted between Elton Porter and TL Dallas. On November 17, 2006, TL Dallas and Great Lakes Reinsurance (UK) PLC ("Great Lakes")[1] filed a cross-claim against American Marine and Elton Porter for contribution and indemnity.

The state court granted summary judgment for both Elton Porter and American Marine on all of the Spielvogels' claims. The state court also granted summary judgment for Elton Porter and American Marine on TL Dallas and Great Lake's cross-claims for contribution and indemnity. Defendants concede that, because the Spielvogels' claims against TL Dallas and Great Lakes were still pending at that point, the summary judgment orders were interlocutory.

On May 17, 2007, a trial was held to resolve the remaining claims. The state court declared a mistrial. That same day, TL Dallas and Great Lakes entered into a settlement agreement and asked the state court to stay the litigation until May 17, 2008. In the settlement agreement, the Spielvogels assigned any rights and claims they had as a result of the incident giving rise to the litigation to TL Dallas and Great Lakes. The court entered the requested stay in an order dated May 30, 2007.

On August 10, 2007, TL Dallas and Great Lakes, acting as assignees, filed the instant lawsuit in this Court under diversity jurisdiction asserting against Elton Porter and American Marine the exact same claims that the Spielvogels had brought in state court. Such is the similarity between the state and federal complaints that TL Dallas and Great Lakes erroneously refer to themselves as Defendants in the text of their current live pleading. (Pl.'s First Am. Compl. 1.)

---

[1] It is not clear from the papers when Great Lakes became a defendant in the state lawsuit. They were not named as a defendant in the Spielvogels' original petition. Parties appear to agree, however, that at some point, Great Lakes was brought in as a defendant in that suit.

2

On August 20, 2007, TL Dallas and Great Lakes, as assignees of the Spielvogels' claims, filed a Notice of Nonsuit Without Prejudice in the state court as to the entirety of that lawsuit.

Defendants Elton Porter and American Marine have both filed a Motion to Dismiss arguing that TL Dallas and Great Lakes' current claims are barred by res judicata and collateral estoppel. Defendant Elton Porter additionally argues that Plaintiffs' claims should be dismissed because service of process was untimely.

## II. ANALYSIS

### A. Motion to Dismiss Standard

A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6) (2008). When considering a Rule 12(b)(6) motion to dismiss, a court must "accept the complaint's well-pleaded facts as true and view them in the light most favorable to the plaintiff." *Johnson v. Johnson*, 385 F.3d 503, 529 (5th Cir. 2004). "To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (citing *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007). Although the Court generally considers a motion to dismiss for failure to state a claim based on the face of the Complaint, the Court may also take notice of matters of public record when considering a 12(b)(6) motion. *See Davis v. Bayless*, 70 F.3d 367, 372 n.3 (5th Cir. 1995); *Cinel v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir. 1994).

### B. Res Judicata and Collateral Estoppel

Several courts have allowed claims of res judicata and collateral estoppel to be raised in a motion to dismiss. *See* 5 WRIGHT & MILLER, FEDERAL PRACTICE & PROCEDURE §1277 n. 13.

The Fifth Circuit has stated that affirmative defenses such as res judicata or collateral estoppel "generally" should not be considered in a motion to dismiss, *see Test Masters Educational Services, Inc. v. Singh*, 428 F.3d 559, 570 n.2 (5th Cir. 2005), but appears to have allowed the practice as long as "the facts are admitted or are not controverted or are conclusively established so that nothing further can be developed by a trial of the issue," *Larter & Sons v. Dinkler Hotels Co.*, 199 F.2d 854, 855 (5th Cir. 1952), or if "the state court decisions were virtually apparent on the face of the complaint," *Gregory v. Drury*, 809 F.2d 249, 253 (5th Cir. 1987) (unpublished). Plaintiffs have not argued that the Court should not consider the question of res judicata or collateral estoppel on a motion to dismiss, and appear to accept the facts regarding these issues as asserted by Defendants. Furthermore, Plaintiffs do not dispute that the claims or issues at dispute in the state court are identical to those raised in this lawsuit. The bulk of the facts relevant to these questions are found in state court public records. The Court will, therefore, entertain Defendants' arguments regarding res judicata and collateral estoppel.

The Court finds that Plaintiffs' claims against Defendants are barred by res judicata. "A federal court asked to give res judicata effect to a state court judgment must apply the res judicata principles of the law of the state whose decision is set up as a bar to further litigation." *E.D. Systems Corp. v. Southwestern Bell Tel. Co.*, 674 F.2d 453, 457 (5th Cir. 1982). Res judicata or claim preclusion "precludes relitigation of claims that have been finally adjudicated, or that arise out of the same subject matter and that could have been litigated in the prior action." *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996). Under Texas law, res judicata requires proof of:

> (1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action.

*Id.* Parties can be considered in privity if they are "successors in interest, deriving their claim through a party to the prior claim." *Id.* at 653.

Plaintiffs argue that the state court's orders granting summary judgment in favor of Elton Porter and American Marine are not a final judgment. Defendants admit that the summary judgment orders were interlocutory, and that a nonsuit may vitiate earlier interlocutory orders. The Texas Supreme Court has held, however, that "when a defendant obtains a partial summary judgment on certain of the plaintiffs' causes of action and the plaintiff thereafter moves for a nonsuit as to the whole case, that nonsuit results in a dismissal with prejudice as to the issues decided in the partial summary judgment." *Hyundai Motor Co. v. Alvarado*, 892 S.W.2d 853, 854 (Tex. 1995); *see also Curry v. Bank of America, N.A.*, 232 S.W.3d 345, 354 (Tex. App.—Dallas 2007). Thus, Plaintiffs' nonsuit rendered the interlocutory orders on summary judgment final. The state court's prior stay of that action does not alter this conclusion. *See* 1 TEX. JUR. 3D ACTIONS § 249 ("[T]he fact that the trial court does not enter an order of dismissal of the case following the plaintiff's timely motion for nonsuit does not authorize the continuation of the proceeding." (citing *Newman Oil Co. v. Alkek*, 657 S.W.2d 915, 920 (Tex. App.—Corpus Christi1983)). Thus, the Court finds that there was a prior final judgment on the merits of Plaintiffs' claims against Defendants.

Plaintiffs also appear to argue that there is no identity of parties.[2] Plaintiffs do not deny, however, that they bring this lawsuit as assignees of the Spielvogels.[3] As assignees, Plaintiffs stand in the same position as the assignors. *See Houk v. C.I.R.*, 173 F.2d 821, 825 (5th Cir. 1949). "It is axiomatic that an assignee or subrogee walks in the shoes of his assignor and takes

---

[2] Plaintiffs make this argument in their discussion of collateral estoppel.
[3] To the extent that Plaintiffs also intended to bring this suit individually for contribution and indemnity, those claims would also be precluded by res judicata. Clearly there was identity of parties as to those claims in the state court.

the assigned rights subject to all defenses which the opposing party might be able to assert against his assignor." *Burns v. Bishop*, 48 S.W.3d 459, 466 (Tex. App.—Houston 2001). There is, therefore, identity of parties for the purposes of res judicata.

Plaintiffs do not dispute that the pending lawsuit raises claims identical to those brought in state court. Because there was a prior final judgment on the merits of Plaintiffs' claims, because there is identity of parties, and because the current lawsuit raises claims identical to those brought in state court, the Court finds that Plaintiffs' claims against Defendant American Marine and Elton Porter are barred by res judicata.

Plaintiffs' claims are also barred by collateral estoppel. A federal court looks to state law rules when determining the collateral estoppel effect of a state court judgment. *Matter of Garner* 56 F.3d 677, 679 (5th Cir. 1995). "Under Texas law, collateral estoppel 'bars relitigation of any ultimate issue of fact actually litigated and essential to the judgment in a prior suit, regardless of whether the second suit is based upon the same cause of action.'" *Id.* at 681 (citing *Bonniwell v. Beech Aircraft Corp.*, 663 S.W.2d 816, 818 (Tex. 1984).). In *Bonniewell*, the Texas Supreme Court further explained:

> A party seeking to invoke the doctrine of collateral estoppel must establish (1) the facts sought to be litigated in the second action were fully and fairly litigated in the prior action; (2) those facts were essential to the judgment in the first action; and (3) the parties were cast as adversaries in the first action.

663 S.W. 2d at 818.

Plaintiffs argue that the facts were not "fully and fairly" litigated in the prior action because the Spielvogels, not TL Dallas and Great Lakes, were the parties who had the opportunity to litigate those facts. "For collateral estoppel purposes, 'full and fair litigation' means actual litigation in the previous suit of the same fact issues." 48 TEX. JUR. 3D JUDGMENTS § 516; *see also McDonald v. Houston Brokerage, Inc.*; 928 S.W.2d 633, 637 (Tex. App.—

6

Corpus Christi 1996) (citing *Puga v. Donna Fruit Co.*, 634 S.W.2d 677, 678 (Tex. 1982)). There appears to be no dispute that the same fact issues were actually litigated in the state lawsuit. As explained above, the state court's summary judgment orders can be considered final under the Texas Supreme Court's holding in *Hyundai*. Thus, the Court finds that the fact issues were fully and fairly litigated in the state suit.

Plaintiffs' arguments regarding collateral estoppel focus primarily on their role in the prior lawsuit. For purposes of collateral estoppel, "it is only necessary that the party against whom the plea of collateral estoppel is being asserted be a party or in privity with a party in the prior litigation." *Eagle Properties, Ltd. v. Scharbauer*, 807 S.W.2d 714, 721 (Tex. 1990). Plaintiffs bring their claims in this lawsuit as the assignees of the Spielvogels, and thus step directly into the Spielvogels' shoes as a party in the prior litigation. For the same reason, Plaintiffs can be considered adversaries of American Marine and Elton Porter in the first action, even though they were named as Defendants in that suit.[4]

Because the facts sought to be litigated in this lawsuit were fully and fairly litigated in state court, because there is no dispute that those facts were essential to the judgment in the first litigation, and because the parties can be considered adversaries in the state court suit, Plaintiffs' claims are also barred by collateral estoppel.

### C. Insufficient Service of Process

Defendant Elton Porter contends it was not served until February 27, 2008, six and a half months after Plaintiffs filed the instant lawsuit. Plaintiffs do not contest this fact. Federal Rule of Civil Procedure 4(m) requires a plaintiff to serve the summons and complaint on a defendant within 120 days. FED. R. CIV. P. 4(m). Rule 4(m) states that if service is not made within 120

---

[4] To the extent that Plaintiffs intend to bring this suit in their individual capacity for contribution and indemnification, they were clearly adversaries of American Marine and Elton Porter in the first lawsuit, and those claims would also be barred by collateral estoppel.

7

days, a court "shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." *Id.* Plaintiffs have not responded to Defendant Elton Porter's arguments regarding insufficient service of process, and thus have not even attempted to show good cause for their failure. Rule 4 allows the Court to enlarge the time for service "even if there is no good cause shown." *Henderson v. United States*, 517 U.S. 654, 658 n. 5 (1996) (recognizing that Rule 4(m) "permits a district court to enlarge the time for service 'even if there is no good cause shown.'" (citing Advisory Committee's Notes on 1993 Amendments to Fed. Rule Civ. Proc. 4, 28 U.S.C. App., p. 654)); *see also Thompson v. Brown*, 91 F.3d 20, 21 (5th Cir. 1996) (agreeing with the "majority of circuits" that "the plain language of rule 4(m) broadens a district court's discretion by allowing it to extend the time for service even when a plaintiff fails to show good cause"). Plaintiffs have not asked the Court to enlarge the time for service. Thus, even if Plaintiffs' claims were not barred by res judicata or collateral estoppel, the Court would dismiss the action as to Defendant Elton Porter without prejudice. *See Bann v. Ingram Micro, Inc.*, 108 F.3d 625 (5th Cir. 1997) ("Dismissal with prejudice can never be based on Rule 4(m)'s 120 day requirement.").

### III. CONCLUSION

Defendant Elton Porter's and Defendant American Marines' Motion to Dismiss is **GRANTED**. Plaintiffs have asked the Court for permission to amend the complaint to add new parties. Plaintiffs' request to amend is **GRANTED**.

**IT IS SO ORDERED.**

SIGNED this 22nd day of May, 2008.

8

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE